Robert W. WEST, Plaintiff-Appellant,

v.

SAFEWAY STORES, INC., Defendant-Appellee.

No. 78–3359.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1980.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Robert E. Kopp, Atty., Appellate Staff, Civil Div., Dept. of Justice, Barbara A. Babcock, Asst. Atty. Gen., Washington, D. C., Douglas N. Letter, Atty., William H. Berger, Dept. of Labor, Atlanta, Ga., for plaintiff-appellant.

Allen Butler, Dallas, Tex., for defendant-appellee.

Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge.

The district court below dismissed appellant's action to secure a 40 hour work week pursuant to 38 U.S.C. § 2021. Because we hold that a 40 hour work week was guaranteed to the appellant despite his National Guard duties and that such a guarantee is an incident or advantage of employment within the meaning of § 2021, we reverse.

The facts in this case are largely undisputed. The appellant has been a member of the National Guard for thirteen years and, as such, is required to attend drill sessions one weekend per month. These sessions do not occur at a regular time each month, however. West has been employed by the appellee Safeway Stores, Inc. since 1968. Upon entering this employment, appellant disclosed his National Guard obligations. Moreover, he has always given the appellee ten days to two weeks advance notice of his drill sessions. The appellant is occupied as a meatcutter with the appellee and is a member of Local 540, Amalgamated Meatcutters and Butchers Union. The parameters of appellant's employment obligation with appellee are set forth in a collective bargaining agreement entered in between his local and appellee. Article 4 of this agreement provides in pertinent part:

All full-time employees shall be guaranteed forty (40) hours of work in regular work weeks consisting of not more than five (5) days, not necessarily consecutive, and thirty-two (32) hours in holiday weeks of not more than four (4) days, not necessarily consecutive and excluding the holiday. Any employee who is absent or tardy according to his work schedule may lose his guarantee for that day as shown on the work schedule.

Safeway's policy with regard to reservists or National Guard members is that if an employee must attend weekend sessions he is given an unpaid leave of absence. Because the employee is "absent" Safeway considers this absence as within the last section of Article 4, *supra*, thus negating the guarantee of a 40 hour work week. Heretofore, some market managers have accommodated appellant by scheduling him for 40 hours of work even though he had been absent for Guard duty. The appellee has now specifically instructed managers, however, that they need not attempt to accommodate him. Appellee has conceded below that it could accommodate appellant's schedule if necessary.

Appellant brought this suit pursuant to 38 U.S.C. § 2021 to secure the 40 hour work week guaranteed in the collective bargaining agreement.[1] Section 2021 provides in pertinent part:

---

1. Jurisdiction and enforcement remedies are provided by 38 U.S.C. § 2022:

   *Enforcement procedures*

   If any employer, who is a private employer or a State or political subdivision thereof, fails or refuses to comply with the provisions of section 2021(a), (b)(1), or (b)(3), or section 2024, the district court of the United States for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, shall have the power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, specifically to require such employer to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. Any such compensation shall be in addition to and shall not be deemed to diminish any of the benefits provided for in such provisions. The court shall order speedy hearing in any such case and shall advance it on the calendar. Upon application to the United States attorney or comparable official for any district in which such private employer maintains a place of business, or in which such State or political subdivision thereof exercises authority or carries out its functions, by any person claiming to be entitled to the benefits provided for in such provisions, such United States attorney or official, if reasonably satisfied that the person so applying is entitled to such benefits, shall appear and act as attorney for such person in the amicable adjustment of the claim or in the filing of any motion, petition, or other appropriate pleading and the prosecution thereof specifically to require such employer to comply with such provisions. No fees or court costs shall be taxed against any person who may apply for such benefits. In any such action only the employer shall be deemed a necessary party respondent. No State statute of limitations shall apply to any proceedings under this chapter.

Any person who holds a position described in clause (A) or (B) of subsection (a) of this section shall not be denied retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces.

Essentially, appellant[2] contends that since the collective bargaining agreement guarantees a 40 hour work week and because the only reason that he is not receiving a 40 hour work week is due to his National Guard obligations, that he is being denied an advantage of employment. It must be emphasized that appellant is not seeking a benefit not accorded to other employees,[3] or a benefit uniquely dependent upon length of service[4], but only that he be accorded the same benefits secured to other employees, a 40 hour week. Thus, there are two issues to be resolved on appeal: (1) whether appellant was guaranteed a 40 hour work week pursuant to the collective bargaining agreement and (2) whether a 40 hour week so guaranteed is an incident or advantage of employment within § 2021. Both are questions of first impression in this circuit.

Whether appellant was guaranteed a 40 hour work week is derivable from the collective bargaining agreement and normal business practices of the appellee with regard to its employees. As the Supreme Court has stated, however, in a slightly different context[5]:

[N]o practice of employers or agreements between employers and unions can cut down service adjustment benefits which Congress has secured the veteran under the Act.

*Fishgold v. Sullivan Corp.*, 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946). *See also Alabama Power Co. v. Davis*, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977). Appellee claims that the agreement does not "cut down" benefits because a 40 hour work week is not absolutely guaranteed under the collective bargaining agreement but rather is conditionally guaranteed on the presence of the employee. That is, on those days on which the employee has reserve duty, that employee is absent, within the meaning of Article 4 *supra*, therefore breaching the guarantee of a 40 hour work week. If we accept appellee's argument, § 2021 would be effectively annulled. The essence of reserve duty in this context is absence from work. If employers could by agreement with unions require that workers be present in order to receive certain benefits, then reservists could never secure the benefits or advantages of employment which the Act was designed to protect. Such a result was condemned by the Supreme Court in *Fishgold, supra*. This precise argument was rejected in *Lott v. Goodyear Aerospace Cor-*

---

**2.** Appellant, being an employee of a private concern, falls within the scope of clause B which provides in pertinent part:
> if such position was in the employ of . . . a private employer . . . . United States Government, its territories, or possessions, or political subdivisions thereof, or the District of Columbia.

**3.** *See LiPani v. Bohack Corp.*, 546 F.2d 487 (2nd Cir. 1976), in which the court held that a returning veteran was not entitled to vacation which was intended as delayed compensation for hours actually worked. *See also Austin v. Sears Roebuck & Co.*, 504 F.2d 1033 (9th Cir. 1974), in which the panel held that when a benefit is earned by time on the job it need be offered to a serviceman only on the same basis offered to other employees returning from non-military leaves. The appellee attempts to argue that the benefit at issue here is similarly tied to being present on the job. The distinction is that this line of cases depends upon a

benefit being *earned* or compensated by accumulated time on the job rather than on *opportunity* to work being conditioned on mere presence.

**4.** For example, armed services personnel are not entitled to promotions or classifications that are based in part on experience or training accumulated on the job. *See Jefferson v. Atlantic Coast Line R. Co.*, 303 F.2d 522 (5th Cir. 1962). This rationale has no application because the right to a 40 hour week is not dependent upon accumulating experience or even upon seniority for that matter.

**5.** *Fishgold* involved seniority rights of a serviceman returning from active wartime duty under 50 U.S.C. App. § 301. The Court held that the returning serviceman must be accorded the seniority he would have had had he remained, but not rights superior to those that he would have enjoyed.

*poration*, 395 F.Supp. 866, 870 (N.D.Ohio 1975) which involved the right to overtime pay. Although *Lott* involved a different benefit than the instant case, the right to overtime work was conditioned similarly upon presence and the analogy carries dispositive force here. Thus, we construe § 2021 to require that employers, in applying collective bargaining agreements, treat reservists as if they were constructively present during their reserve duty in similar contexts. *See Kidder v. Eastern Airlines,* 469 F.Supp. 1060 (S.D.Fla.1978); *Hanning v. Kaiser Aluminum and Chemical Corp.,* 82 CCH Labor Cases ¶ 10,070 (E.D.La.1977). Similarly, the Seventh Circuit recently has rejected the appellee's contention that an absence for reserve drills should be treated as any other absence under a collective bargaining agreement.[6] In *Carney v. Cummins Engine Company, Inc.,* 602 F.2d 763 (7th Cir. 1979), a panel for the Seventh Circuit held that § 2021 was violated when the employer treated absent reservists as if they had refused to work overtime and were therefore not given other opportunities to make up this overtime opportunity. The court stated:

> It is immaterial that non-military employees of defendant on leave of absence would not be entitled to overtime opportunities [citations omitted], since the right of reservists to such opportunities is governed by statute rather than by collective bargaining agreement. Nor does it matter that affording the plaintiff relief might conflict with the collective bargaining agreement between defendant and Union.

We hold, therefore, that § 2021 requires that the collective bargaining agreement be construed as if the employee was constructively present at work on those days he had reserve duty. This construction not only conforms to the congressional intent that employees not be penalized for serving their country,[7] but also prevents the statute from being rendered a nullity.

▪ Having determined that the appellant is guaranteed a 40 hour work week undiminished by his reserve obligation, we address the question whether such a guarantee is an incident or advantage of employment. Once more, this is a question of first impression in this court. In *Monroe v. Standard Oil Company,* 446 F.Supp. 616 (N.D.Ohio 1978), pending on appeal No. 78–3233, the district court determined that the employer's practice of giving employees a 40 hour work week was an incident or advantage of employment pursuant to § 2021. Although the court was quite conclusory in arriving at this decision, the result was sound. It is beyond argument that wages are an advantage or incident of employment. Wages, however, are merely the product of hourly wage and hours worked. We would certainly consider hourly wage an advantage of employment, and therefore it follows that hours worked also must be an incident or advantage of employment. Obviously the average person of not unlimited wealth would rather be assured of a full-time than a part-time employment.

Furthermore, the appellee has advanced little in the way of equitable arguments that we should hold it need not accommodate West's schedule. Because appellee concedes below that it can accommodate West's schedule, we do not reach the issue of whether accommodation or the alternative of compensation is mandatory if the accommodation is impossible or unduly burdensome.[8] Thus we hold that appellee must

---

6. The Sixth Circuit is currently reviewing a decision in which the district court aligned itself with the district court in this case by holding that a collective bargaining agreement limitation is controlling. *Breeding v. TRW, Inc.,* 477 F.Supp. 1177 (M.D.Tenn.1979).

7. *See* H.R. Reports No. 1303, March 1, 1966. For a discussion see *Woods v. Covington County Bank,* 537 F.2d 804, 811 (5th Cir. 1976).

8. It would be inequitable to require an employer to perform the impossible or unduly burdensome. For example, if a collective bargaining agreement provided for a guaranteed 7-day work week, if desired by the employee, it would be impossible to accommodate the reservist, and the alternative, payment for days not worked would be inequitable. Or, if the employer only operated on weekends, it would be unduly burdensome to require accommodation or payment.

accommodate the appellant and provide him his guaranteed 40 hour work week.

REVERSED AND REMANDED.