Charlotte A. MILLER, Petitioner,

v.

**DEPARTMENT OF the ARMY,
Respondent.**

No. 92–3396.

United States Court of Appeals,
Federal Circuit.

March 2, 1993.

Donald B. Potter, Portland, OR, submitted for petitioner.

Virginia M. Lum, Dept. of Justice, Washington, DC, submitted for respondent. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Martha H. DeGraff, Asst. Director and Scott E. Ray, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the brief for respondent. Of counsel was Steven L. Schooner, Dept. of Justice. Also on the brief was Dana K. Chipman, Office of the Judge Advocate Gen., Dept. of the Army, of counsel.

Before MAYER, PLAGER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Charlotte A. Miller petitions for review of the April 2, 1992 final decision of the Merit Systems Protection Board, 53 M.S.P.R. 471, Docket Nos. SE531D8810564 and SE07528810565, dismissing her mixed-case appeal as untimely filed. Because the Board erred in determining that 5 U.S.C. § 7702(f) (1988) was not applicable to her appeals, we reverse.

## BACKGROUND

Ms. Miller was employed as a Military Personnel Clerk, GS–05, with the United States Army Reserve Forces School, Vancouver Barracks, Vancouver, Washington ("the agency"). On March 21, 1988, she was denied a within-grade increase (WGI) because her performance was not considered acceptable by the agency. Additionally, Ms. Miller was given notice by the agency of a proposal to remove her from her position for making false statements.

Following Ms. Miller's request for reconsideration, the agency issued a Notice of Decision on May 16, 1988 sustaining the denial of her WGI. On the same day, the agency also notified her of its decision to remove her from employment, effective June 2, 1988. Ms. Miller received both Notices on May 28, 1988. Each of them contained a statement informing her of her appeal rights. The Notice on her request for reconsideration of the WGI denial stated:

> You may appeal this action to the Merit Systems Protection Board. If you elect to appeal, your appeal must be addressed to the Merit Systems Protection Board, Room 1840, 915 Second Avenue, Seattle, WA 98174. Your appeal must: (1) be in writing and (2) be in two copies. ... Your appeal must be filed with the Seattle Regional Office, Merit Systems Protection Board, not later than twenty calendar days after the date of your receipt of this decision.[1]

The Notice concerning her removal included a similar statement and properly advised her that her appeal must be filed with the Board's regional office "not later than twenty calendar days after the effective date of this action," *i.e.*, not later than June 22, 1988. 5 C.F.R. § 1201.22(b) (1992).

Ms. Miller subsequently retained legal counsel to assist her in appealing these actions. Her attorney completed the Board's appeal forms for both actions and they were mailed on June 17, 1988, before the expiration of the respective filing periods. However, they were erroneously mailed to the agency instead of to the Board's Seattle Office due to an error on the part of Ms. Miller's attorney's staff. On September 15, 1988, after discovering that the Board never received the appeal forms, the attorney immediately mailed copies to the Board. The Board's regional office did not receive the forms until Sep-

---

1. As the Board noted in its final decision, the Notice of Decision on Ms. Miller's request for reconsideration incorrectly informed her that an appeal had to be filed within 20 days of receipt of that decision. Because that Notice did not specify an effective date, an appeal was required to be filed by June 10, 1988, *i.e.*, within 25 days of the issuance of that decision. 5 C.F.R. § 1201.22(b) (1992). However, because Ms. Miller had been misinformed, the Board concluded that her appeal could be filed by June 17, 1988, *i.e.*, 20 days after she received the Notice on May 28, 1988.

tember 19, 1988, nearly three months after the filing deadlines.

Ms. Miller was advised by the Administrative Judge (AJ) that her appeals appeared untimely and was provided with an opportunity to show that they were timely filed or that good cause existed for the untimely filings. In appealing both actions, she had claimed that the agency discriminated against her on the basis of sex and a handicap condition, making these "mixed" cases.[2] She thus asserted that her mixed-case appeals were timely filed under 5 U.S.C. § 7702(f) because she filed them with the agency before the close of the filing periods. The AJ, however, found that section 7702(f) was not applicable because the evidence did not support Ms. Miller's claim that the delay was caused by confusion regarding where to file. Accordingly, the AJ dismissed the appeals as untimely filed.[3] The AJ's initial decision was sustained by the Board on review. *Miller v. Department of the Army*, 43 M.S.P.R. 228 (1990).

Ms. Miller petitioned for review by this court. By order dated October 31, 1990, we granted the Board's uncontested motion to remand the case to the Board for further proceedings and reconsideration. *Miller v. Department of the Army*, No. 90–3237 (Fed.Cir. Oct. 31, 1990). On remand, the Board vacated its previous decision and upheld the AJ's initial decision, as modified, to dismiss the appeals. The Board determined that Ms. Miller did not "file" her appeals with the agency within the meaning of section 7702(f) because she did not intend to initiate an adjudication with the agency under the mistaken belief that the agency was the proper forum for her appeals. Rather, the Board found that Ms. Miller intended to file her appeals with the Board and that the appeals were erroneously mailed to the agency. Hence, in a split decision, the Board concluded that 5 U.S.C. § 7702(f) was not applicable because "the

untimeliness of the apellant's [sic] appeals resulted from mailing error rather than from delays due to her having filed an appeal with the wrong agency." On petition to this court, Ms. Miller argues that the Board erred in concluding that section 7702(f) is not applicable to her appeals.

## DISCUSSION

■ We review final decisions of the Board pursuant to the standards enumerated in 5 U.S.C. § 7703(c) (1988). Those decisions must be upheld unless they are judged to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See True v. Office of Personnel Management*, 926 F.2d 1151, 1153 (Fed.Cir.1991); *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

■ Section 7702, Title 5 of the United States Code, applies to cases involving any personnel action that is appealable to the Board by a federal employee who alleges that a basis for the action was unlawful discrimination. Under the statutory procedures established for such mixed cases, an aggrieved employee may either file an appeal with the Board, 5 U.S.C. § 7702(a)(1) (1988), or seek relief from the agency involved, 5 U.S.C. § 7702(a)(2) (1988). *See also Spears v. Merit Sys. Protection Bd.*, 766 F.2d 520, 523 (Fed.Cir.1985). Additionally, section 7702(f) provides that

[i]n any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the ac-

---

2. A mixed case is an appealable adverse action in which it is alleged that a basis for the action is discrimination prohibited under 5 U.S.C. § 7702(a)(1)(B) (1988). *See Ballentine v. Merit Sys. Protection Bd.*, 738 F.2d 1244, 1245 (Fed.Cir. 1984).

3. The AJ also found that Ms. Miller failed to establish good cause for the untimely filing. That determination was upheld by the Board. On appeal to this court, Ms. Miller does not raise, and we do not decide, whether the Board erred regarding that issue.

tion, appeal, or petition as of the date it is filed with the proper agency.

5 U.S.C. § 7702(f) (1988).

■ In deciding that section 7702(f) was not applicable to Ms. Miller's appeals, the Board too narrowly interpreted the statute's terms and severely restricted its scope by focusing on the cause of the employee's mistaken filing. The Board construed the provision as covering only an employee who had an intent to initiate an adjudication with the wrong agency under the mistaken belief that it was the proper forum to decide his or her case. Thus, according to the Board, an employee must have been legitimately mistaken or confused as to where to file his or her appeal in order for section 7702(f) to be applicable. Under that construction, mistaken filing as the result of inadvertent error, as in the instant case, falls outside the scope of the statute. We do not read the statute so narrowly.

■ The first step in interpreting a statute is to look to its language. *MCI Telecommunications Corp. v. United States,* 878 F.2d 362, 365 (Fed.Cir.1989). It is a long-standing rule of statutory construction that courts must treat the plain language of a statute as controlling absent clear legislative intent to the contrary. *See Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1559 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989); *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1579, 16 UPSQ2d 1614, 1618 (Fed.Cir. 1990). Section 7702(f) is written broadly and its meaning is plain and straightforward: when an employee files his or her mixed-case appeal in a timely manner, but with the wrong agency, the proper agency must treat the appeal as having been timely filed there. Thus, the statute clearly mandates that the Board excuse a failure to file an appeal within the specified period when an appellant timely files it with another agency, irrespective of the cause for the error. Noticeably absent from the statutory language is any requirement that there be a specific reason (*e.g.,* confusion or inadvertence) for an appeal having been

initially filed with the wrong agency. All that is required to invoke section 7702(f) is that an appeal be timely filed with the wrong agency.

We are unpersuaded by the "legislative history" upon which the government relies in support of its position. Although we agree with the government that nothing in the legislative history of section 7702(f) suggests that the provision was enacted to excuse simple negligence of an employee or his or her agent, neither does it suggest that the provision only applies where an employee was confused as to where to file his or her appeal. We find nothing in the sparse legislative history of section 7702(f) which causes us to conclude that the application of the statute as written will produce a result "demonstrably at odds with the intentions of its drafters." *Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991) (citation omitted). Moreover, "where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' The language before us expresses Congress' intent ... with sufficient precision so that reference to legislative history ... is hardly necessary." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (citation omitted).

■ The government, citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), argues that we should accord "great deference" to the Board's interpretation of the statutory provisions of section 7702(f). We disagree. The rule of deference enunciated in *Chevron* is limited to situations in which statutory language has "left a gap" or is ambiguous. *Glaxo Operations UK Ltd. v. Quigg,* 894 F.2d 392, 398 (Fed.Cir.1990). In section 7702(f), Congress left no gap and its intent is unambiguously manifested by clear language.

Accordingly, we hold that under section 7702(f), the Board was obligated to treat Ms. Miller's appeals as timely filed as a matter of law.

## CONCLUSION

The Board erred in deciding that 5 U.S.C. § 7702(f) was not applicable to Ms. Miller's mistaken filings with the Board. Its decision to dismiss Ms. Miller's appeals was not in accordance with law and is therefore reversed.

REVERSED.