47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cecil E. JENSON, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3520.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1995.
 
 63 M.S.P.R. 289.
 VACATED AND REMANDED.
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cecil E. Jenson appeals from an order of the Merit Systems Protection Board ("MSPB" or "Board"), Docket No. DA-0752-94-0021-I-1, which dismissed his claim for reassignment and back pay based on his anallegedly involuntary retirement following a Reduction In Force ("RIF") at the Carswell Air Force Base, where Mr. Jenson was employed as Medical Equipment Repairer Foreman. Mr. Jenson accepted "Discontinued Service Retirement (involuntary separation)" on September 16, 1993, the day before the scheduled abolishment of his position pursuant to the RIF. The Board found that Mr. Jenson had failed to make a nonfrivolous allegation that this retirement was involuntary, and therefore dismissed Mr. Jenson's appeal without holding an evidentiary hearing on the issue of voluntariness. For the reasons discussed below, we find that the Board's decision was unsupported by substantial evidence, and therefore VACATE and REMAND for further proceedings consistent with this opinion.
 
 DISCUSSION
 
 2
 We must affirm a Board decision unless it is (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Miller v. Department of Army, 987 F.2d 1552, 1554 (Fed. Cir. 1993).
 
 
 3
 Retirement is presumed voluntary absent evidence to the contrary, and voluntary actions are not appealable to the MSPB. 5 C.F.R. Sec. 752.401(b)(9) (1994); Covington v. Dept. of Health & Human Serv., 750 F.2d 937, 941 (Fed. Cir. 1984). Retirement is considered involuntary, and thus an adverse action within the Board's jurisdiction, when the employee shows that retirement was obtained by agency misinformation or deception. Id. at 942 (retirement was involuntary when agency misled employee into thinking that he had no right of assignment during RIF to other position). The employee must show "'that a reasonable person would have been misled by the agency's statements"' and the employee materially relied on the misinformation to his detriment. Id. (quoting Scharf v. Department of the Air Force, 710 F.2d 1572, 1575 (Fed. Cir. 1983)).
 
 
 4
 Retirement is also considered involuntary when the employee shows "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." Leone v. United States, 204 Ct. Cl. 334 (1975). In determining involuntariness, the court must examine "'the surrounding circumstances to test the ability of the employee to exercise free choice,"' Scharf, 710 F.2d at 1574 (quoting Perlman v. United States, 490 F.2d 928, 933 (Ct. Cl. 1974)). "[W]hether the employee made an informed choice is the touchstone of our analysis." Covington, 750 F.2d at 942. Because an employee must prove involuntariness on the merits in order to establish jurisdiction -- because "jurisdiction and substance are inextricably intertwined" -- an employee who alleges a nonfrivolous allegation of involuntariness is entitled to a hearing on that issue. E.g., Covington, 750 F.2d at 943-44. The test for whether an appellant has made a nonfrivolous allegation of involuntariness is whether he has alleged facts which, if proven, could make a prima facie case of involuntariness. Dumas v. Merit Systems Protection Board, 789 F.2d 892, 894 (Fed. Cir. 1986) ("if the alleged facts are sufficient to support a prima facie case of involuntariness, the issue can not be summarily determined adversely; the petitioner is entitled to an evidentiary hearing on the issue ....").
 
 
 5
 Mr. Jenson's original appeal to the Board alleged that his "involuntary retirement" was "due to the reduction in force for base closure," and that "no or insufficient effort was made" to find a position for him, despite the placement of other personnel with less seniority and fewer accomplishments. The Board apparently issued an Order, not contained in our record documents, informing Mr. Jenson of what he would have to show to raise a nonfrivolous allegation of involuntariness, and that Mr. Jenson responded to the Order by providing various documents outlining his work experience. The Administrative Judge ("AJ") concluded that Mr. Jenson had not made a nonfrivolous allegation of involuntariness, and accordingly dismissed Mr. Jenson's appeal without a hearing on voluntariness. The full Board denied Mr. Jenson's Petition for Review of the Initial Decision, on the grounds that the Petition failed to satisfy the criteria of 5 C.F.R. Sec. 1201.115 (1994), and the Initial Decision became the decision of the Board. 5 C.F.R. Sec. 1201.113(b) (1994).
 
 
 6
 The AJ was correct that neither the allegations in Mr. Jenson's appeal nor the documents in the record relating to his work experience raise a nonfrivolous allegation of involuntary retirement. This court has held that "[t]he fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's decision any less voluntary." Covington, 750 F.2d at 942; see also Griessenauer v. Department of Energy 754 F.2d 361, 363-64 (Fed. Cir. 1985) (resignation to avoid removal for unacceptable performance was voluntary, based on evidence adduced before Board); Sammt v. United States, 780 F.2d 31, 32 (Fed. Cir. 1985) (retirement prior to mandatory retirement date was voluntary and deprived court of jurisdiction; "exercise of option to retire is not rendered involuntary by the imminent imposition of a less desirable alternative"). Moreover, Mr. Jenson's allegations that the agency had made an insufficient attempt to find him a new position bear not on the voluntariness of his retirement, but on the merits of whether the agency violated any RIF rights held by Mr. Jenson under the applicable statutes and regulations. That issue is properly addressed only after Board jurisdiction is established. See Christie v. United States, 518 F.2d 584, 587 (Ct. Cl. 1975) (employee could "stand pat and fight" impending separation; decision to resign before separation was voluntary and deprived court of jurisdiction).
 
 
 7
 In rendering the Initial Decision, however, the AJ did not identify or discuss certain agency documents in the record before this court, which concern Mr. Jenson's retirement. Specifically, these documents are: (1) a December 17, 1992 notice on Optional Retirement informing Mr. Jenson that his position would be abolished on September 17, 1993; that his fate under the RIF had not yet been determined and that he would receive notice of any RIF action 120 days in advance; and that if he opted for retirement, he would be "excluded from the reduction-in-force process," but would be eligible for a lump-sum annuity; (2) a September 16, 1993 Notice of Personnel Action completed by the agency, but not signed by Mr. Jenson, which states that "Due to Position Abolishment, I Opt to Retire. No Other Work Available."; and (3) an undated "Agency Checklist of Immediate Retirement Procedures," completed by the agency on or around September 16, 1993,[1] indicating that Mr. Jenson's retirement was "Discontinued Service (involuntary separation)." Notably, the agency checklist does not mark Mr. Jenson under a separate category, "Early Optional [Retirement] (Includes major RIF, major reorganization, transfer of function)," which category appears to have been the subject of the December 17, 1992 notice and which matches the AJ's characterization of Mr. Jenson's retirement -- i.e., as having been taken to avoid separation under RIF.
 
 
 8
 We believe that these documents raise a nonfrivolous allegation of involuntary retirement sufficient to warrant a hearing on the issue. In reaching this conclusion, we consider that Mr. Jenson appeared before the board (and this court) pro se, and thus accord some leniency concerning the pleading requirements. In this regard, the Board has held that "an issue may be considered raised if a party introduces evidence into the record without objection ... [e]ven though an issue is not affirmatively pleaded ...." Hubbard v. Walter Reed Army Medical Center, 29 M.S.P.R. 187 (1985). The agency's own characterization of Mr. Jenson's retirement -- which occurred on the literal eve of his RIF separation -- was as an "involuntary RIF. Further, the record reflects that Mr. Jenson's retirement took place mere hours before his scheduled RIF separation. These circumstances at least raise a substantial question as to whether Mr. Jenson made an informed choice in accepting retirement rather than waiting those few hours for formal separation. Had he waited for separation, of course, he would have been able to appeal his removal to the MSPB on the merits. 5 C.F.R. Sec. 351.901 (1994).
 
 
 9
 Whether he made an informed choice to waive that right -- a right whose importance to Mr. Jenson is obvious throughout his pleadings before both the Board and this court -- is further brought into question by the absence in the record of any written RIF notice or equivalent evidence that the agency advised Mr. Jenson of the basis for his separation and lack of reassignment and his RIF appeal rights. Written notice of a RIF action containing such information is required by statute to be sent at least 60 days before the RIF action is taken. 5 U.S.C. Sec. 3502(d)(1)(A), (2) (Supp. V 1993). As Mr. Jenson did not retire until the eve of his separation, he should have received such notice, as reflected by the agency's December 17, 1992 notice. If in fact the agency failed to inform Mr. Jenson that a retirement election would preclude a RIF appeal, it deprived him of the ability to make an informed, and hence voluntary, choice. See Covington, 750 F.2d at 943 ("A decision made 'with blinders on,' based on misinformation or a lack of information, cannot be binding as a matter of fundamental fairness and due process"; binding as a matter of fundamental fairness and due process"; failure of agency to explain that retirement would forfeit appeal rights contributed to finding that retirement was not voluntary). See also Dumas v. Merit Systems Protection Board, 789 F.2d 892 (Fed. Cir. 1986) (evidentiary hearing on voluntariness of retirement was required to resolve whether agency had advised that employee could retire and still retain his RIF appeal rights).
 
 
 10
 It is unclear whether the documents discussed above were provided to the AJ during the original appeal proceedings. It is possible that they were provided by Mr. Jenson only upon submission of his Petition For Review by the full Board. (Mr. Jenson's Petition to the full Board references the Agency Checklist and certain agency advice concerning eligibility for lump sum annuities). If so, then the Board appropriately declined to address these documents. The same question exists regarding Mr. Jenson's allegation, made in his Petition to the full Board, that he retired in reliance on apparently incorrect agency advice that he would lose his lump-sum annuity if he did not do so. See Meglio v. Merit Systems Protection Board, 758 F.2d 1576, 1577 (Fed. Cir. 1984) (board correctly denied petition for review where issue not properly raised before presiding official); Wallace v. Department of the Air Force, 879 F.2d 829 (Fed. Cir. 1989) (same).
 
 
 11
 If, however, these matters were before the AJ, then we believe that the Board erred in concluding that Mr. Jenson failed to make a nonfrivolous allegation of involuntariness which entitles him to a hearing on that issue. Accordingly, we vacate the Board's decision and remand for the Board to either (1) amend its final decision to indicate that these matters were not presented to the AJ in the original appeal; or (2) remand to the AJ for an evidentiary hearing on involuntariness.
 
 
 
 [1]
 The Checklist notes that it attaches OPM Form 1510 indicating whether Mr. Jenson was offered a position under the RIF. The Form 1510 is dated September 2, 1993; therefore the checklist must have been completed at the earliest on that date, and presumably was finalized only after the retirement was effected