NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3325

LILLIAN B. LOGAN,

Plaintiff-Appellant,

v.

MERIT SYSTEMS PROTECTION BOARD,

Defendant-Appellee.

_____

DECIDED:  February 8, 2006

_____

Before BRYSON, GAJARSA, and DYK <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Lillian Logan ("Ms. Logan") appeals from the final decision of the Merit Systems
Protection Board ("Board") dismissing her appeal of her removal as a secretary from the
Department of Education ("DOE") as having been untimely filed without a showing of
good cause for delay.  <u>Logan v. Dep't of Educ.</u>, M.S.P.B. No. DC-0752-05-0320-I-1
(June 17, 2005) ("<u>Final Order</u>").  We <u>affirm</u>.

BACKGROUND

On February 1, 2002, the DOE notified Ms. Logan that she would be removed from her secretary position due to excessive absences and failure to follow leave procedures. Ms. Logan was charged with ten such violations within the time period of October 1, 2001 through November 2, 2001. Ms. Logan's record reflects that she also served a two-day suspension in March, 1991; a ten-day suspension in April, 1993; and a ninety-day suspension in June, 2001 for similar disciplinary problems. Her removal date was initially set for February 17, 2002 but was postponed to March 1, 2002. On February 6, 2002, Ms. Logan filed a grievance with the DOE concerning her removal pursuant to the Union's negotiated grievance procedure. A final decision was rendered by the DOE on February 22, 2002, denying her grievance and sustaining her removal.

On April 12, 2002, Ms. Logan, after consulting a union representative, filed an informal discrimination complaint with the Informal Dispute Resolution Center ("IDRC") requesting a reasonable accommodation. Ms. Logan subsequently filed a formal discrimination complaint with the DOE on June 4, 2002. The DOE dismissed the complaint, on the ground that it was barred by the petitioner's previous grievance, filed on February 6, 2002.

Ms. Logan then appealed her dismissal to the Equal Employment Opportunity Commission ("EEOC"). The EEOC questioned whether a discrimination claim should be raised under the DOE's grievance procedure and remanded her grievance to the DOE on April 23, 2003. In later EEOC proceedings, it appeared that the collective bargaining agreement with the DOE required that discrimination claims should be raised in the grievance procedure. The EEOC determined that because Ms. Logan elected to

05-3325                                    2

proceed through the grievance procedure, she could not file an Equal Employment Opportunity complaint on the same matter. Thus, it dismissed the discrimination complaint as being barred by the prior grievance filing. Ms. Logan appealed this decision with the EEOC. The EEOC dismissed the appeal on January 24, 2005.

Ms. Logan, on February 28, 2005, filed an appeal with the Board. The Administrative Judge ("AJ") issued an initial decision on May 13, 2005 dismissing Ms. Logan's petition as untimely. The AJ based the decision on 5 U.S.C. § 7121(e)(1) (2005), which states that an employee, covered by a negotiated grievance procedure, who has the right to challenge an adverse action, may do so by filing a grievance <u>or</u> an appeal to the Board, but not both. (emphasis added). An exception to this process exists, however, when a grievance has been filed before the effective date of removal, as occurred here. Thus, Ms. Logan may have filed with the Board within the Board's normal 30 day filing deadline. 5 C.F.R. § 1201.22(b) (2006). The AJ also noted that because the complaint alleges that the adverse action was premised on a discrimination claim, Ms. Logan retained a limited right to seek Board review of the final grievance if she requested the review within 35 days of the issuance of the February 22, 2002 grievance decision or within 30 days from her receipt of the decision by the Board, if she received the decision more than five days after the date of issuance. 5 C.F.R. § 1201.154(d) (2006). The AJ's initial decision became final when no petition for review was filed with the Board. 5 C.F.R. § 1201.113 (2005).

Ms. Logan now appeals the Board's decision to determine whether her complaint, although untimely filed, might be heard due to exigent circumstances.

## STANDARD OF REVIEW

This court must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2005); Kievenaar v. Office of Personnel Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). This court has jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1) (2005).

## DISCUSSION

Under 5 C.F.R. § 1201.154(d) (2006), Ms. Logan had 35 days from the issuance of the February 22, 2002 decision on her grievance to file with the Board in order to be granted a hearing. Hutchinson v. Dep't of Labor, 91 M.S.P.R. 31, 33 (2001). To be timely, Ms. Logan had to file her notice with the Board by March 29, 2002, not February 28, 2005. Because of the substantial delay of the filing, Ms. Logan appealed to the Board for a determination as to whether there was a good cause for her failure to file timely. Alonzo v. Dep't of the Air Force, 4 M.S.P.R. 180, 182 (1980). Ms. Logan bears the burden of proof to show good cause for an untimely filing. 5 C.F.R. § 1201.56(a)(2)(ii) (2005). This must be established by a preponderance of the evidence. Id.

There are several factors which must be considered by the Board before deciding whether to allow a case to be filed untimely. Alonzo, 4 M.S.P.R. at 184. These factors consist of, but are not limited to

> "the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the

05-3325                                    4

control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit." Id.

Ms. Logan argues that because of her mental condition she was unable to comply with the time limits. She claims that due to the erroneous advice of her union representative, she filed with the wrong agency and that she should not be barred by the advisor's mistakes. She also claims that even if she filed a petition with the wrong agency, the petition should be deemed timely nonetheless. She also argues that she was not notified of the proper appeal procedures.

Ms. Logan first claimed that her depression caused her to be absent from work and also caused her to file her untimely appeal to the Board. She supports this statement with disoriented evidence of doctor's notes throughout her briefs.

The Board may grant a waiver for an untimely filing if the appellant can establish that the illness professed affected his/her ability to file. Stout v. Merit Systems Protection Board, 389 F.3d 1233, 1235 (Fed. Cir. 2004) citing Lacy v. Dep't of the Navy, 78 M.S.P.R. 434, 437 (1998). To establish that the untimely filing was caused by an illness, the party must: "(1) Identify the time period during which [s]he suffered from the illness; (2) submit medical evidence showing that [s]he suffered from the alleged illness during that time period; and (3) explain how the illness prevented [her] from timely filing [her] appeal or a request for an extension of time." Id. See generally Andrews v. Dep't of the Army, 76 M.S.P.R. 147, 151 (1997).

Here, Ms. Logan only presents evidence she had been depressed from 1995 through February 6, 2002, the day on which she filed the grievance. Ms. Logan,

however, fails to submit supporting evidence showing that her illness during the relevant time period, namely from February 22, 2002 through February 25, 2005, prevented her from filing within the required time period. In this case, Ms. Logan was given the opportunity to present the evidence necessary to warrant consideration of good cause, but she did not set forth any such evidence. The Board considered the medical information as presented by Ms. Logan and found it inadequate.

Ms. Logan also blames her union representative's advice to file with the IDRC on April 12, 2002 for causing the delay in filing her petition of discrimination with the Board. She argues that she acted reasonably in relying on the advice of her union representative in not filing with the Board. This argument also fails. Although her union advisor may have provided her with erroneous information, the advisor is viewed as her agent and as such the union advisor's actions bind her. Massingale v. Merit Systems Protection Board, 736 F.2d 1521, 1523 (Fed. Cir. 1984). Therefore, she cannot rely on the erroneous advice of the union advisor as good cause for the Board to review an untimely petition.

Furthermore, even if Ms. Logan did file the petition of discrimination with the Board instead of the IDRC on April 12, 2002, it was still an untimely petition. It is well established that if an employee timely files with the wrong agency, the filing could be considered timely filed with the correct agency. Miller v. Dep't of the Army, 987 F.2d 1552, 1556 (Fed. Cir. 1993). Under Miller, she would have had to file the petition with the IDRC by March 29, 2002. She filed the petition on April 12, 2002, which was beyond the 35 day filing period.

Lastly, Ms. Logan alleges that when the decision on her grievance dated February 22, 2002 was issued, there was no information regarding the appeal procedure presented at that time, causing her extensive delay in filing. In Lacy v. Dept't of the Navy, the Board determined that because the appellant was never informed of the specific criteria as set forth in Andrews for securing a waiver on the Board's time limit on the basis of physical or mental illness, the appellant was denied the fair opportunity to address the timeliness issue. 78 M.S.P.R. at 439. However, when Ms. Logan received her removal notice on February 1, 2002, she received information of the appeals process, including the name and phone number of an Employee Relations Team staff member that she could contact for assistance. Because she was in fact advised of her appropriate appeal rights, the Board denied her untimely filing.

In light of the three year delay of Ms. Logan's appeal and because she received appeal information in a timely fashion, the Board did not abuse its discretion by determining that Ms. Logan did not establish good cause by a preponderance of the evidence. The decision of the Board is affirmed.

No costs.