**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NINA A. ADAMS,[1]
        Appellant,

       v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-0752-16-0670-I-1

DATE: July 21, 2022

# THIS ORDER IS NONPRECEDENTIAL[2]

Nina A. Adams, Gaithersburg, Maryland, pro se.

Lundi McCarthy Shafiei and James Vietti, Washington, D.C., for the
    agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of a reduction in pay or grade. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] The appellant's name appears as "Nina Faulk" in part of the record below.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant held an Administratively Determined (AD)-06 Police Officer position with the agency's Pentagon Force Protection Agency (PFPA) in Arlington, Virginia.  Initial Appeal File (IAF), Tab 4 at 42.  After the PFPA's Medical Review Board determined that the appellant failed to meet the medical standards that were required for the Police Officer position, she applied, and was selected, for a General Schedule (GS)-07 Physical Security Specialist position.  IAF, Tab 5 at 4-6, Tab 11 at 16.  Prior to accepting the Physical Security Specialist position, the agency told the appellant that her salary in the new position would be the same as the salary she had been receiving in the AD-06 Police Officer position.  IAF, Tab 11 at 13, 16-17, 19.  The appellant's reassignment was effective May 22, 2011, and her salary remained unchanged because the agency believed that she was entitled to retained pay.  IAF, Tab 4 at 42.

¶3     On October 20, 2011, the agency notified the appellant that it made a pay-setting error by affording her retained pay and that it would reduce her pay to correct the error effective October 23, 2011.  IAF, Tab 11 at 13, 19-21.  The agency explained that pay retention did not apply to her reassignment to the Physical Security Specialist position because she voluntarily applied for and accepted the position.  *Id.* at 19.  The agency told her that she did not have the right to appeal the reduction in pay to the Board.  *Id.* at 20.  Retroactive to May 22, 2011, the agency canceled the retained pay and reduced the appellant's salary from $60,277.00 to $54,875.00.  IAF, Tab 1 at 10, Tab 4 at 41.

¶4     In 2011, the appellant raised an involuntary demotion/reduction in pay claim with the Equal Employment Opportunity Commission (EEOC).  IAF,

Tab 11 at 14.[3]  In a letter dated April 29, 2016, the agency notified the appellant that, pursuant to an EEOC Office of Federal Operations (OFO) decision dated April 14, 2016, her claim of demotion/loss of pay is a mixed-case complaint that is appealable to the Board and provided her with notice of her Board appeal rights.  *Id.* at 14, 22.  In a sworn declaration under penalty of perjury, the appellant averred that she did not receive the agency's letter until May 19, 2016, because it was "sent to the wrong place."  *Id.* at 14.

¶5        On June 20, 2016, the appellant filed a Board appeal challenging the reduction in pay or grade and alleging that her move to the new position was involuntary, based on the agency's misinformation, and she requested a hearing.  IAF, Tab 1 at 2, 4, 6.  She further asserted that she sought the reassignment because the agency failed to accommodate her disability in her Police Officer position.  *Id.* at 6.  In an order on jurisdiction, the administrative judge informed the appellant that the Board may not have jurisdiction over her appeal, apprised her of her jurisdictional burden, and ordered her to submit evidence and argument on the jurisdictional issue.  IAF, Tab 8.  The appellant responded, IAF, Tab 11, and the agency replied to the appellant's response, IAF, Tab 12.  The essence of the agency's argument was that providing retained pay was contrary to law or regulation and, thus, the reduction in pay was outside of the Board's jurisdiction. *Id.*

¶6        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID) at 2, 6-7.  The administrative judge found that, although the appellant was not reduced in grade, her rate of basic pay was reduced when the agency canceled her entitlement to retained pay.  ID at 4-5.

---

[3] While the appellant's complaint of hostile work environment was pending before an EEOC administrative judge in 2011, the appellant raised her claim of pay reduction. Petition for Review File, Tab 11 at 5, 8.  The EEOC administrative judge and EEOC's Office of Federal Operations found the pay reduction claim to be timely raised under EEOC's regulations.  *Id.*

However, the administrative judge further found that the agency showed that it reduced the appellant's rate of basic pay from a rate that was contrary to law or regulation and, thus, the Board lacked jurisdiction over the reduction-in-pay action. ID at 6. Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not make a determination on the timeliness of the appeal. ID at 2 n.1.

¶7    The appellant filed a petition for review in which she argues that her reassignment from the Police Officer position to the Physical Security Specialist position was involuntary and, thus, an appealable "demotion." Petition for Review (PFR) File, Tab 1 at 8-11. She also argues that the administrative judge should have afforded her an opportunity to respond to the agency's argument that providing pay retention was improper. *Id.* at 12. The agency filed a response to the petition for review, PFR File, Tab 5, to which the appellant replied, PFR File, Tab 8.

¶8    The Board then issued an order on timeliness informing the appellant that it appears that the filing period in this case began on October 23, 2011, and therefore her appeal filed on June 20, 2016, appears to be more than 55-months late. PFR File, Tab 9 at 2. The Board apprised the appellant of her burden regarding timeliness and ordered the parties to file evidence and/or argument concerning the timeliness issue. *Id.* at 1-4. Both parties responded to the Board's timeliness order, and the appellant filed a reply to the agency's response to the timeliness order. PFR File, Tabs 10-11, 14.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant timely filed her appeal.

¶9    A mixed-case appeal arises when an employee has been subjected to an action that is appealable to the Board, and she alleges that the action was effected, in whole or in part, because of discrimination. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); 29 C.F.R. § 1614.302(a)(2). An

appellant has two options when filing a mixed case:  she initially may file a mixed-case complaint with the agency, followed by an appeal to the Board, or she may file a mixed-case appeal with the Board and raise her discrimination claim in connection with her appeal.  *Miranne*, 121 M.S.P.R. 235, ¶ 8.  When an appellant first elects to file her complaint with the agency, she generally must file a Board appeal within 30 days after she receives the final agency decision on the discrimination issue.  5 C.F.R. § 1201.154(b).  If she first elects to file her mixed-case appeal directly with the Board, she must do so no later than 30 days after the effective date of the action being appealed, or 30 days after the date she receives the agency's decision on the appealable action, whichever is later.  5 C.F.R. § 1201.154(a).

¶10        At the outset of this matter, however, the agency did not treat the reassignment and demotion as a mixed case.  Instead, in its letter to the appellant informing her of the reduction in pay, it expressly stated that she did not have appeal rights to the Board.  IAF, Tab 11 at 20.  As a result, the appellant added to an ongoing complaint before the EEOC her allegations of "demotion/loss of pay."  PFR File, Tab 10 at 7-8.  The EEOC administrative judge concluded that the appellant properly added these issues to her EEOC case, and the EEOC OFO agreed with that determination.  *Id.*; *see Cano v. U.S. Postal Service*, 107 M.S.P.R. 284, ¶ 16 (2007) (concluding that when an EEOC administrative judge permitted the appellant to amend his complaint to include an allegation regarding his alleged involuntary retirement, there was no basis for the Board to find that the EEOC's administrative judge acted improperly in doing so).  The EEOC OFO further determined that the inclusion of these allegations made this a mixed case and ordered the agency to provide the appellant with notice of mixed-case appeal rights.  IAF, Tab 10 at 8-9.

¶11        Under 5 U.S.C. § 7702(f), a mixed-case appeal is timely if an appellant timely filed it with the wrong agency, rather than with the Board.  *Miller v. Department of the Army*, 987 F.2d 1552, 1554-55 (Fed. Cir. 1993).  Due to the

agency's failure to inform the appellant of her mixed-case appeal rights until the EEOC OFO ordered it to do so, she filed her allegations regarding her demotion and loss of pay with the EEOC, rather than the Board, and the EEOC accepted those allegations into her ongoing case.  Thus, we find that the appellant timely filed her mixed-case appeal, but with the wrong agency.  *See Cano*, 107 M.S.P.R. 284, ¶¶ 15-16 (finding that the Board will accept an EEOC administrative judge's decision to permit the amendment of the discrimination complaint to include an involuntary retirement allegation).

¶12       Moreover, the agency first informed the appellant of her Board appeal rights in a letter dated April 29, 2016.  IAF, Tab 11 at 14, 22.  In her sworn declaration under penalty of perjury, the appellant stated that she did not receive this letter until May 19, 2016, because it was "sent to the wrong place."  *Id.* at 14.  The agency has not contested this assertion by the appellant.  Accordingly, her appeal was due on June 18, 2016, which was a Saturday, meaning that her June 20, 2016 filing was timely.  *See* 5 C.F.R. §§ 1201.23 (if a filing deadline falls on a Saturday, Sunday, or Federal holiday, the filing period includes the first workday after that date), 1201.154(b)(1).  Under the circumstances presented in this appeal, we find that it was timely filed.

The appellant has made a nonfrivolous allegation that she suffered an appealable reduction in pay.

¶13       The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Generally, a reduction in pay is an appealable action.  5 U.S.C. § 7512(4); *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 8 (2012).  "Pay" is defined in 5 U.S.C. chapter 75 as "the rate of basic pay fixed by law or administrative action for the position held by an employee."  5 U.S.C. § 7511(a)(4).  This means "the rate of pay before any deductions and exclusive of additional pay of any kind," 5 C.F.R. § 752.402, but the "rate of pay" includes locality pay, *Zajac v. Department of Agriculture*,

112 M.S.P.R. 160, ¶ 5 (2009); 5 C.F.R. § 531.203.  A reduction of an employee's rate of basic pay from a rate that is contrary to law or regulation is not an appealable action.  *Kile v. Department of the Air Force*, 104 M.S.P.R. 49, ¶ 16 (2006); 5 C.F.R. § 752.401(b)(15).

¶14      The appellant bears the burden of proving the Board's jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  An appellant makes a prima facie showing of jurisdiction over a reduction-in-pay action by establishing that her rate of basic pay was reduced.  *Kile*, 104 M.S.P.R. 49, ¶ 17.  If the agency reduced the appellant's pay to correct what it believed was a pay-setting error, then the agency bears the burden of showing that it set her pay at a rate contrary to law or regulation.  *Id.*  An appellant should not be forced to prove that the agency did not make a pay-setting error because the agency is in a much better position to know why it originally set her pay as it did and what later led it to conclude that it made an error.  *Id.*

¶15      Generally, an appellant is entitled to a jurisdictional hearing if she raises a nonfrivolous allegation of Board jurisdiction over her appeal.  *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  In determining whether an appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of an appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶16      Here, it is undisputed that the appellant's rate of basic pay was reduced when the agency retroactively canceled her retained pay.  IAF, Tab 1 at 10-11, Tab 4 at 41-42, Tab 11 at 19, Tab 12 at 6.  Accordingly, we find that the appellant

has made a nonfrivolous allegation that she suffered an appealable reduction in pay. For the following reasons, we find that the record is insufficiently developed on the issue of the appellant's entitlement to retained pay to determine whether the agency initially set her pay at a rate that was contrary to law or regulation, as the agency argued both below and on review.

¶17    The agency contends that the appellant was not entitled to pay retention when she moved from the AD-06 Police Officer position to the GS-07 Physical Security Specialist position because the AD pay schedule is not a "covered pay schedule" and instead was established pursuant to the Secretary of Defense's authority to appoint law enforcement and security personnel "without regard to the pay provisions of title 5." PFR File, Tab 5 at 10-11; IAF, Tab 12 at 5; *see* 5 U.S.C. § 5361(5)-(6); 10 U.S.C. § 2674(b)(5). However, OPM's regulations governing pay retention extend to an employee who is "moving to a position under a covered pay system from a position not under a covered pay system." 5 C.F.R. § 536.102(a)(2). The parties have not addressed whether such regulations applied to the appellant when she moved to the Physical Security Specialist position in the GS pay system. *See* 5 U.S.C. § 5361(5) (considering the GS pay system a "covered pay schedule"); 5 C.F.R. § 536.103 (same).

¶18    Further, the agency has argued that the appellant was ineligible for pay retention under 5 C.F.R. § 536.102(b)(1) because her reassignment that resulted in a reduction in pay was not the result of a management action but was made at her request and for her benefit. PFR File, Tab 5 at 11-12; IAF, Tab 12 at 5-6. Under 5 C.F.R. § 536.102(b)(1), an agency may not provide pay retention to an employee who is reduced in pay "for personal cause or at the employee's request." A reduction in pay is "at the employee's request" when it is "initiated by the employee for his or her benefit, convenience, or personal advantage." 5 C.F.R. § 536.103. A reduction in pay is "for personal cause" when it is "based on the conduct, character, or unacceptable performance of an employee." *Id.* However, a reduction in pay is not "for personal cause" when it is based on an

employee's "inability to perform the duties of his or her position because of a medical or physical condition beyond the employee's control."  *Id.*

¶19     The appellant argued below and on review that she sought a reassignment because the agency failed to accommodate her disability in her Police Officer position, and that her reassignment with a reduction in pay was involuntary based on her reliance on the agency's misinformation regarding her entitlement to retained pay.  PFR File, Tab 1 at 9-11; IAF, Tab 1 at 6, Tab 11 at 9, 12-13.  Because the parties have not presented sufficient evidence and argument concerning the issues set forth above, we find that further adjudication is necessary to determine whether the appellant was entitled to pay retention and, accordingly, we remand the appeal for a jurisdictional hearing.  On remand, the administrative judge should also allow the parties to present further evidence and argument regarding the question of whether the appellant was entitled to pay retention, including evidence on the following:  whether OPM's regulations applied to the appellant when she moved to the Physical Security Specialist position in the GS pay system; and whether the appellant was ineligible for pay retention under 5 C.F.R. § 536.102(b)(1) as the agency argues or whether she was in fact eligible because the reduction in pay was based on the appellant's "inability to perform the duties of his or her position because of a medical or physical condition beyond the employee's control."

The administrative judge also must address on remand the appellant's claim of an involuntary reassignment resulting in a reduction in pay or grade.

¶20     The facts of this appeal present another jurisdictional issue regarding whether the appellant has been subjected to an involuntary reassignment that resulted in a reduction in pay or grade.  Although the Board generally does not have jurisdiction over reassignments, the Board has jurisdiction over agency actions that result in a reduction in pay or grade.  *See McAlexander v. Department of Defense*, 105 M.S.P.R. 384, ¶ 7 (2007); *see also* 5 U.S.C. § 7512(3)-(4).  A reduction in pay or grade that an employee accepts voluntarily is not within the

Board's jurisdiction. *McAlexander*, [105 M.S.P.R. 384](), ¶ 8; *see* [5 C.F.R. § 752.401]()(b)(9). However, the Board has long recognized that employee-initiated actions that appear voluntary on their face are not always so. *Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](), ¶ 7 (2013); *Spiegel v. Department of the Army*, [2 M.S.P.R. 140](), 142 (1980). For example, the Board has held that "[a]n employee-initiated action is considered involuntary if it resulted from the employee's reasonable reliance on the agency's misleading statements, or from the agency's failure to provide the employee with adequate information on which to make an informed choice." *Pawlowski v. Department of Veterans Affairs*, [96 M.S.P.R. 353](), ¶ 10 (2004) (quoting *Smitka v. U.S. Postal Service*, [66 M.S.P.R. 680](), 689 (1995), *aff'd*, 78 F.3d 605 (Fed. Cir. 1996) (Table)); *see Goodwin v. Department of Transportation*, [106 M.S.P.R. 520](), ¶ 15 (2007) (finding that the appellant nonfrivolously alleged that her reassignment and resulting reduction in pay were involuntary when she asserted that she relied on the agency's misinformation regarding pay when deciding to accept the reassignment); *Wright v. Department of Transportation*, [99 M.S.P.R. 112](), ¶ 10 (2005) (finding that the appellant's assertion that he accepted a position based on the agency's misinformation regarding the nature of the reassignment and its effect on his base pay constituted a nonfrivolous allegation that his reduction in pay was involuntary).

¶21      Here, the appellant has argued throughout her appeal that her reassignment to the Physical Security Specialist position was involuntary based on her reliance on the agency's misinformation concerning her entitlement to retained pay in that position. PFR File, Tab 1 at 8-11; IAF, Tab 1 at 6, Tab 11 at 8-9, 12-13. The record shows that the agency informed the appellant in the offer letter that she would receive the same salary that she had been receiving in her Police Officer

position.[4] IAF, Tab 11 at 17. Moreover, the appellant stated in her sworn declaration that she relied on the agency's misrepresentation that she would receive retained pay in the Physical Security Specialist position when she accepted the new position. *Id.* at 12-13. We find that the appellant has nonfrivolously alleged that her acceptance of the reassignment to the Physical Security Specialist position was involuntary, thereby entitling her to a jurisdictional hearing.[5]

## ORDER

¶22     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          /s/ for _____

                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.

---

[4] The agency initially offered the appellant the Physical Security Specialist position at an annual salary of $57,713.00, which was her salary in the Police Officer position. IAF, Tab 11 at 17. The appellant requested that her reassignment be delayed for a brief period until after she received a periodic step increase, and the agency agreed. *Id.* After she received the step increase, her annual salary in the Police Officer position increased to $60,277.00. IAF, Tab 4 at 43. She then was reassigned to the Physical Security Specialist position at the higher salary. *Id.* at 42.

[5] The administrative judge made a conclusory finding that the appellant was not reduced in grade. ID at 4. On remand, the administrative judge should provide further analysis on this issue and consider the appellant's argument that she suffered a reduction in grade. PFR File, Tab 1 at 9-10; IAF, Tab 11 at 8-9.