**Jeffrey N. THOMSEN, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 98–3255.

United States Court of Appeals, Federal Circuit.

March 5, 1999.

Aaron M. Nisenson, Zwerdling, Paul, Leibig, Kahn, Thompson & Wolly, P.C., of Washington, DC, argued for petitioner. With him on the brief was Michael T. Leibig.

Andrea I. Kelly, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for respondent. With her on the brief were David M. Cohen, Director, James M. Kinsella, Assistant Director, and Elizabeth W. Newsom. Of counsel on the brief was Liza Murphy, Attorney Advisor, United States Secret Service, Office of Chief Counsel, of Washington, DC.

Before RICH, CLEVENGER, and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Jeffrey N. Thomsen asks this court to reverse the dismissal by the Merit Systems Protection Board of his action against the Department of the Treasury. *See Thomsen v. Treasury,* No. DC–0353–97–0426–I–1, 1998 WL 345168 (M.S.P.B.1998). Because the Merit Systems Protection Board erred in holding that membership in the U.S. Army Reserves was a benefit of Mr. Thomsen's employment with the Secret Service, we vacate the judgment below and remand for further proceedings.

I

In 1987, Jeffrey Thomsen was hired as an Officer in the Uniformed Division of the United States Secret Service ("Secret Service" or "Agency"), an agency within the Department of the Treasury. At that time, Mr. Thomsen was also an active member of the United States Army Reserves ("Ready Reserves"). Agency policy prohibits employees of the Uniformed Division from membership in the Ready Reserves; all such employees are considered to occupy "key" civilian positions under 32 C.F.R. § 44.5(10)(b)(2)(i),[1] which allows agency heads to designate employees that "occupy positions that cannot be vacated during a national emergency or mobilization without severely impairing the capability of their agency to function effectively." Designation as a "key" employee required the Secretary of the Army, under 32 C.F.R. § 44.5(10)(b)(2)(i), to transfer Thomsen to inactive status in the Reserves, or discharge him altogether.

Beginning in 1989, the Secret Service notified the Army that Mr. Thomsen was a "key" employee. However, no action was taken on this request (or several subsequent ones) until 1996, when Thomsen was transferred to inactive status.

Shortly after Thomsen was notified that he had been transferred to inactive status in the Reserves, he filed a complaint with the Secretary of Labor alleging that the Agency had violated the provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, 108 Stat. 3149, codified at 38 U.S.C. §§ 4301 et seq. (Supp.1998) ("USERRA"), by designating him a "key" employee.

Under the relevant provisions of USERRA, no person shall be denied "initial employment, reemployment, retention in employment, promotion, or any *benefit of employment* by an employer on the basis of that [person's] membership [in the armed services], application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a) (Supp.1998) (emphasis added). Thomsen alleged that the Secret Service, by designating him a key employee under 32 C.F.R. § 44.5(10)(b)(2)(i), denied him a "benefit of employment" in violation of USERRA.

In February 1997, the Department of Labor issued a decision finding that the Agency's policy did not violate USERRA. Thomsen then filed a complaint directly with the Merit Systems Protection Board ("Board") pursuant to 38 U.S.C. § 4324(b) (Supp.1998). While the Board found that Thomsen's designation as a key employee and resultant removal from the Ready Reserves was a denial of a benefit of employment sufficient to trigger the application of USERRA, it dismissed Thomsen's complaint for lack of jurisdiction because "the alleged improper denial of an employment benefit occurred before [the] effective date of the USERRA discrimination provision." *Thomsen,* No. DC–0353–97–0426–I–1, slip op. at 3–4, 1998 WL 345168. That is, the Board found that the USERRA anti-discrimination provisions invoked by Mr. Thomsen, *see* 38 U.S.C. § 4311(a) (Supp.

---

**1.** We note that the stated authority for 32 C.F.R. § 44.5 is 10 U.S.C. § 271, which was repealed by Pub.L. 103–337, § 1661(a)(2)(A) (Dec. 1, 1994). Apparently similar provisions were enacted by section 1691(a) of Pub.L. 103–337 and codified at 10 U.S.C. § 10149 (Supp.1998). The most recent regulations as of the date of this decision do not address the repeal of 10 U.S.C. § 271 and the possible effect of the enactment of 10 U.S.C. § 10149.

1998), were effective only after October 13, 1994—the date that USERRA was enacted. The Board concluded that because the designation of Thomsen as a key employee had occurred by that date, Thomsen could not now bring his USERRA claim; thus Thomsen's claim was dismissed. *See Thomsen,* No. DC–0353–97–0426–I–1, slip op. at 4, 1998 WL 345168. Pursuant to 38 U.S.C. § 4324(d)(1) (Supp.1998), this appeal followed, vesting us with jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II

■ Our review of Board decisions is provided by statute. This court must set aside any decision by the Board which we find to be: (1) arbitrary, capricious, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994). In this light, we review issues of law, such as whether the Board has jurisdiction, de novo. *See King v. Briggs,* 83 F.3d 1384, 1387 (Fed.Cir.1996).

### A

■ Although it dismissed the complaint on the grounds that the benefit of employment identified by Mr. Thomsen "was denied him by the agency at least as early as 1989 (if not upon employment) when the agency first identified him to the department of defense as an employee occupying a 'key' position," the Board specifically held that "membership in the Ready Reserve is a 'benefit of employment' under USERRA." *Thomsen,* No. DC–0353–97–0426–I–1, slip op. at 3–4, 1998 WL 345168.[2] We disagree.

■ Section 4311(a) of title 38 provides that:

**2.** Mr. Thomsen asserts that this finding cannot be challenged by the Agency because it did not file a cross-appeal. This is not correct. The Board's dismissal for untimeliness explicitly relied on its holding that membership in the Ready Reserve was a benefit of employment under USERRA; as such, the Agency is entitled to raise this argument in support of the appealed judgment. *Cf.*

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform services in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service or obligation.

This language makes clear that the "benefit of employment" that cannot be lawfully deprived by an employer is one that flows as a result of the person's employment *by the employer in question.* See also 38 U.S.C. § 4303(2) (Supp.1998) (defining "benefit of employment"). That is, in order to make out a proper discrimination claim under USERRA, Thomsen must show that a benefit of his employment with the Secret Service has been denied as a result of his military status. *See* 38 U.S.C. § 4311(a); *Yates v. Merit Sys. Protection Bd.,* 145 F.3d 1480, 1483 (Fed.Cir. 1998) (describing the operation of USERRA anti-discrimination provisions). Membership in the Ready Reserves, in and of itself, is not a benefit of Mr. Thomsen's employment with the Secret Service: USERRA cannot properly be read to convey an affirmative right to serve in the armed forces. Rather, the statute prohibits discrimination by employers on the basis of an employee's military status. *See* 38 U.S.C. § 4311(a); *Yates,* 145 F.3d at 1483. Although this court in *Yates* noted that the courts have "adopted a liberal approach" in determining whether a particular claim can be made under USERRA, 145 F.3d at 1484, the statutory scheme makes clear that a nexus between an allegedly-denied benefit and one's employment is an essential component of this type of USERRA claim. *See* 38 U.S.C. § 4303(2) (Supp.1998) (defining a benefit of employment as "accru[ing] by

*Securities & Exchange Comm'n v. Chenery,* 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Accepting such an argument would not change the rights accorded by the judgment below, making a cross-appeal unnecessary. See, e.g., *United States v. New York Telephone Co.,* 434 U.S. 159, 166 n. 8, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977).

reason of an employment contract or agreement or an employer policy, plan, or practice"); see also Allen v. Postal Serv., 142 F.3d 1444, 1446–47 (Fed.Cir.1998) (construing the similar phrase "other incident or advantage of employment" in the version of 38 U.S.C. § 4301(b) in effect prior to the enactment of USERRA). Mr. Thomsen's service in the Ready Reserves had no such nexus to his employment with the Secret Service; thus, his removal from the Ready Reserves was not itself a denial of a benefit of employment allowing Thomsen to pursue a claim under USERRA. The Board's holding to the contrary is therefore vacated.

At oral argument, the suggestion was raised that while service in the Ready Reserves was not itself a benefit with an appropriate nexus to Thomsen's employment with the Secret Service, preventing Mr. Thomsen from using his vacation to train with the Ready Reserves might be. That is, a possible denial of a benefit of employment with the Secret Service might be the denial of Thomsen's choice to use his vacation to train with the reserves. We note in this regard that "vacation" is specifically listed as a "benefit of employment" in the USERRA statute, see 38 U.S.C. § 4303(2), and that an employee must be permitted to use "any vacation, annual, or similar leave" to perform military service obligations. 38 U.S.C. § 4316(d) (Supp.1998). Of course, it is also possible that this "vacation benefit" will be insufficient.

The parties did not fully brief the issue of what allegations of a denial of a benefit of employment are sufficient to confer standing under USERRA, and the present record does not allow us to determine with confidence whether the "vacation benefit" hypothesized at oral argument is sufficient. Consequently, we express no view on whether Thomsen has stated a claim of deprivation of a benefit of employment based on his military status. That issue will be the subject of further proceedings, on remand to the Board.

### B

 Because we determine that the Board erred in concluding that service in the

Ready Reserves was a benefit of employment sufficient to state a claim under USERRA, we need not reach the question of whether the Board correctly determined that Thomsen's complaint was untimely. In response to the parties' arguments regarding whether Thomsen has alleged a "continuing violation" of USERRA—that is, a denial of a benefit of employment that continues to date—we note that whether a complaint under USERRA will be timely is a question closely interrelated with the benefit that has allegedly been denied. For example, although the law is clear that an allegedly discriminatory policy cannot be shielded from applicable laws simply because it predates the enactment of those laws, see, e.g., Bazemore v. Friday, 478 U.S. 385, 395, 106 S.Ct. 3000, 92 L.Ed.2d 315 (1986) ( "A pattern or practice that would have constituted a violation of Title VII, but for the fact that the statute had not yet become effective, became a violation upon Title VII's effective date."), it is not clear on the present record whether the Agency's "key employee" policy denies Mr. Thomsen a benefit of employment under USERRA. Conversely, if Thomsen points to a specific instance or instances where a benefit of employment was denied, then the timing of that denial may preclude the pursuit of that claim, as the provisions of USERRA became effective only in October 1994. See, e.g., Caddell v. Department of Justice, 66 M.S.P.R. 347, 354 (1995) (finding that USERRA is not to be applied retroactively). That is, a benefit of employment with an otherwise sufficient nexus to confer standing under USERRA will be barred if the prohibited activities occurred only prior to October 1994. In short, the identification of the allegedly-denied benefit of employment will drive both the nexus and timing analyses; we trust that the parties, on remand, will frame their arguments to the Board accordingly.

### III

The Board incorrectly held that membership in the Ready Reserve is a "benefit of employment" sufficient to confer standing to Mr. Thomsen under USERRA. Given the

present state of the record with regard to this issue, however, we decline to hold that Mr. Thomsen lacks standing to pursue his claim against the Secret Service. Accordingly, the decision of the Board is vacated and the case is remanded with orders to reinstate Thomsen's complaint and conduct further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.