**1378**

"also consider other options as to the method of restraint most likely to be appropriate." *Id.*

Plaintiff argues that the absence of "hog-tying" from the lists of possible restraint methods meant the "L" shape method used here was forbidden. In support of that contention, she offers the testimony of a deputy prison commissioner who interpreted the state operating procedures to ban "hog-tying." However, the deputy commissioner's testimony is insufficient to create a triable issue in the face of the clear and unambiguous language of the policies themselves, which did not ban or in any way proscribe this method of restraint but instead expressly permitted doctors to consider using other methods of restraint.

## VII. CONCLUSION

Because we find insufficient evidence to support a jury's finding that any of the Defendants possessed the subjective mental intent required to support Plaintiff's deliberate-indifference and excessive-force claims, the magistrate judge's grant of summary judgment for Defendants Sikes, Moore, Gavin, and Ford is AFFIRMED.

Wesley Robert Parsons, Adorno & Zeder, PA, Miami, FL, for Defendant–Appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before HATCHETT, Chief Judge, and TJOFLAT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL and MARCUS, Circuit Judges.

BY THE COURT:

A member of this court in active service having requested a poll on the suggestion of rehearing en banc and a majority of the judges in this court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc. The previous panel's opinion is hereby VACATED.

**Red MENDOZA, Plaintiff–Appellant,**

v.

**BORDEN, INC., d.b.a. Borden's Dairy, Defendant–Appellee.**

No. 97–5121.

United States Court of Appeals, Eleventh Circuit.

March 19, 1999.

Ronald Renzy, Wallberg & Renzy, P.A., Hollywood, FL, for Plaintiff–Appellant.