**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 60**

Docket No. SF-4324-15-0088-I-1

**Darek J. Kitlinski,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

November 16, 2015

Kevin Byrnes, Esquire, Falls Church, Virginia, for the appellant.

Letitia Pinkney, Esquire, and Tamara H. Kassabian, Esquire, Springfield,
   Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal for lack of jurisdiction. For the reasons that follow, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order to find that the appellant failed to nonfrivolously allege that the agency's alleged conduct was based on his military status. On this basis, we find that he failed to allege that the agency subjected him to a hostile work environment in violation of USERRA.

BACKGROUND

¶2    The appellant serves as a Supervisory Special Agent with the Drug Enforcement Administration (DEA or agency), and was on a full-time active duty assignment with the U.S. Coast Guard in Washington, D.C., during the time relevant to this appeal.  Initial Appeal File (IAF), Tab 1.  The appellant previously filed two USERRA appeals against the agency and filed an equal employment opportunity (EEO) complaint of discrimination with the agency prior to filing this appeal. *Id*. at 5.  In the instant appeal, the appellant alleges that he drove his personally owned vehicle to the agency's headquarters to attend a deposition in his EEO complaint and that, upon arriving home, he discovered a "Blackberry device concealed under the hood" of his car. *Id*. at 6.  The appellant further alleges that, based on his experience with the agency, the Blackberry he found is the "same model issued to DEA employees" and that the agency uses Blackberry devices for, among other things, voice recording and electronic tracking and monitoring. *Id*.  Furthermore, based on his review of the agency's property inventory, the appellant asserts that the Blackberry in question was assigned to an agency human resources employee who was involved in one of his prior USERRA appeals. *Id*.

¶3    The appellant transferred possession of the Blackberry to his attorney, and subsequently filed complaints with the Federal Bureau of Investigation and the Department of Justice's Office of Inspector General (OIG). *Id*. at 7-8.  The OIG informed the appellant that it was forwarding his complaint to the DEA's Office of Professional Responsibility (OPR) for consideration. *Id*. at 29.  The appellant asserts that, after he filed the instant USERRA appeal with the Board, two OPR investigators met with him at U.S. Coast Guard headquarters, ordered him to appear for an in-person interview at the agency's headquarters the following day, and ordered him to turn over the Blackberry to the agency for inspection.  IAF, Tab 8 at 5.  The appellant, through his attorney, informed the investigators that he

would not attend the interview as scheduled or turn over the Blackberry for inspection.[1] *Id.*

¶4        The appellant filed the instant USERRA appeal alleging discrimination, a hostile work environment, and retaliation based upon his exercise of rights under USERRA.  IAF, Tab 1.  The administrative judge issued a jurisdictional order and, after considering the parties' arguments, dismissed the USERRA appeal for lack of jurisdiction.  IAF, Tab 31, Initial Decision (ID).  In his initial decision, the administrative judge found that the agency's alleged placement of a Blackberry in the appellant's car did not fall within one of the categories of conduct listed in 38 U.S.C. § 4311(a) that the agency may not take on the basis of the appellant's military service.  ID at 6.  The administrative judge further found that the placement of a Blackberry in the appellant's car could not form the basis of a USERRA retaliation claim because it did not constitute discriminatory treatment "in employment" or constitute an "adverse employment action" under 38 U.S.C. § 4311(b).  ID at 8-10.  Finally, the administrative judge rejected the appellant's argument that the agency's investigation into his complaint constituted retaliation, ID at 10-12, and he further found that the appellant failed to nonfrivolously allege that the agency subjected him to a hostile work environment in violation of USERRA, ID at 12-14.

¶5        The appellant has filed a petition for review of the administrative judge's initial decision.  Petition for Review (PFR) File, Tab 1.  On review, the appellant argues that the administrative judge applied an overly narrow definition of USERRA's anti-discrimination and retaliation provisions, and he further contends that he nonfrivolously alleged that the agency created a hostile work environment

---

[1] The appellant further alleges that his wife, who is also a DEA employee, reported the discovery of the Blackberry to both her supervisors and the DEA's OPR and that inspectors also met with her and demanded she turn over the Blackberry for inspection. IAF, Tab 1 at 10.  The appellant's wife, however, is not a party to this appeal, and we have not considered any of her allegations of agency wrongdoing.

by intimidating him and his wife and subjecting them to illegal wiretapping and monitoring by placing the Blackberry in his car. *Id*. at 4, 10-19. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

¶6     There are two types of cases that arise under USERRA: reemployment cases under 38 U.S.C. §§ 4312-4318; and discrimination cases under 38 U.S.C. § 4311(a) and (b). *Bostwick v. Department of Agriculture*, 122 M.S.P.R. 269, ¶ 5 (2015). The Board employs a liberal approach in determining whether an appellant has established the Board's jurisdiction under USERRA, and the relative weakness of an appellant's assertions in support of his claim is not a basis for a jurisdictional dismissal. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). Rather, if an appellant fails to develop his contentions, his claim should be denied on the merits. *Id*. Once an appellant has established the Board's jurisdiction over his USERRA appeal, he has a right to a hearing on the merits of his claim. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012).

The appellant failed to nonfrivolously allege that the agency discriminated against him in violation of 38 U.S.C. § 4311(a).

¶7     In a discrimination case under section 4311(a), such as the instant appeal, "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . performance of service." *Gossage*, 118 M.S.P.R. 455, ¶ 10 (quoting 38 U.S.C. § 4311(a)). To establish jurisdiction over a USERRA discrimination claim before the Board, an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to his performance of duty or obligation to perform duty in the uniformed service. *Id*.

¶8      We agree with the administrative judge that the appellant's service in the U.S. Coast Guard satisfies the first jurisdictional element of his discrimination claim.  ID at 6.  For the reasons that follow, we also agree with the administrative judge that the appellant's allegations fall outside of the prohibited actions listed in 38 U.S.C. § 4311(a).  ID at 7.

¶9      As noted above, section 4311(a) enumerates several specific actions that an employer may not take on the basis of an appellant's military service.  *See*  38 U.S.C. § 4311(a).   The appellant's allegation that the agency placed a Blackberry in his personal vehicle does not fit within any of the specific examples of prohibited conduct listed in the statute, i.e., a denial of initial employment, reemployment, retention in employment, or promotion.  *Id*.  Thus, the only remaining category of prohibited conduct under the statute that could cover this act is a denial of "any benefit of employment."  To resolve whether the agency's alleged action denied the appellant "any benefit of employment," we must interpret the meaning of this term under USERRA.  *See, e.g.*, *Johnson v. Department of Veterans Affairs*, 91 M.S.P.R. 405, ¶ 8 (2002).

¶10     We begin with the language of the statute itself.  *Id*.  In considering the language of the statute, the Board will look to the whole of the statute, including its overall structure.  *Id*.  The provisions of the statute should be read in harmony, leaving no provision inoperative, superfluous, redundant, or contradictory.  *Id*. (citing *Holley v. United States*, 124 F.3d 1462, 1468 (Fed. Cir. 1997)).

¶11     USERRA defines the terms "benefit," "benefit of employment," and "rights and benefits" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest . . . that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice."  *See* 38 U.S.C. § 4303(2).  The definition further specifies that these terms cover rights and benefits in a pension or health plan, employee stock ownership, insurance coverage, "bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or

location of employment." *Id.* Both the Board and the U.S. Court of Appeals for the Federal Circuit have recognized Congress's intent that the term "benefit of employment" be construed broadly. *See Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998); *Petersen v. Department of the Interior*, 71 M.S.P.R. 227, 235-36 (1996). Despite the expansive nature of this term, the Federal Circuit has held that a benefit of employment protected by USERRA must be "one that flows as a result of the person's employment . . . ." *Thomsen v. Department of the Treasury*, 169 F.3d 1378, 1381 (Fed. Cir. 1999).

¶12    First, we find that the agency's alleged action did not deny the appellant any of the specific benefits of employment protected under USERRA, as set forth in 38 U.S.C. § 4303(2). The agency's alleged placement of a Blackberry in the appellant's car thus does not come within the plain language of section 4311(a), which bans discrimination involving the denial of "any benefit of employment" on the basis of military service. *See, e.g.*, *Miller v. Department of the Army*, 987 F.2d 1552, 1555 (Fed. Cir. 1993) (explaining that the plain language of a statute controls absent legislative intent to the contrary).

¶13    Next, even liberally construing the definition of "benefit of employment," we find that the nature of the benefits listed in 38 U.S.C. § 4303(2) are either those that flow to an employee because of his employment with his employer or those that affect the appellant's employment status or interest with his employer. *See Thomsen*, 169 F.3d at 1381 (finding that membership in the Ready Reserves was not a benefit of the appellant's employment with the U.S. Secret Service); *Johnson*, 91 M.S.P.R. 405, ¶¶ 12-13 (holding that a "benefit of employment" is one that accrues to an employee because of civilian employment rather than military service); *Johnson v. U.S. Postal Service*, 85 M.S.P.R. 1, ¶ 8 (1999) (holding that a denial of employment benefits includes the denial of leave and disciplinary action); *cf. Allen v. U.S. Postal Service*, 142 F.3d 1444, 1447 (Fed. Cir. 1998) (interpreting "other incident or advantage of employment" under the prior version of USERRA to cover "one generally granted to all employees in

[the] workplace"). The appellant has not alleged that the agency denied him any benefit granted to him by virtue of his employment with the agency, and he has cited no authority to support his theory that a "benefit of employment" under USERRA extends to rights and benefits that are created, and exist, independent of his employment relationship with the agency. PFR File, Tab 1 at 11. We thus find no support for the appellant's reading of the term "any benefit of employment," and we decline to find that it encompasses rights that exist independent of an employee's employment relationship with his employing agency. *See Thomsen*, 169 F.3d at 1381; *Johnson*, 91 M.S.P.R. 405, ¶¶ 12-13.

¶14    Thus, applying this statutory interpretation of the term "any benefit of employment," we agree with the administrative judge that the appellant has failed to nonfrivolously allege that the agency's alleged placement of a Blackberry in his personal vehicle denied him a benefit that flowed to him as a result of his employment with the agency. ID at 7. The provisions of law identified by the appellant—namely, criminal and civil statutes prohibiting unlawful wiretapping and freedom from unreasonable searches, PFR File, Tab 1 at 11; IAF, Tab 8 at 5—exist not because of his employment with the agency, but are products of constitutional and Federal statutory law, *see* U.S. Const. amend. IV; 18 U.S.C. § 2510 *et seq.* These rights and benefits do not flow to him by virtue of his employment with the agency, and the agency's alleged infringement of these rights does not constitute a denial of "any benefit of employment" in violation of USERRA.[2]  We therefore agree with the administrative judge that the appellant failed to nonfrivolously allege that the agency discriminated against him in violation of 38 U.S.C. § 4311(a).

---

[2] Whether the appellant has some other recourse for the agency's alleged action is not an issue within the Board's jurisdiction.

<u>The appellant has failed to nonfrivolously allege that the agency created a hostile work environment based on his military service in violation of USERRA.</u>

¶15    The Board has held that an appellant can maintain a hostile work environment claim under USERRA's anti-discrimination provision. *See Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 7 (2014); *Petersen*, 71 M.S.P.R. at 237-39. Some Federal circuit courts of appeals had disagreed with the Board's interpretation of 38 U.S.C. § 4311(a) in this regard. *See, e.g.*, *Carder v. Continental Airlines, Inc.*, 636 F.3d 172, 179-80 (5th Cir. 2011). In late 2011, however, Congress amended the definition of "benefit of employment" in 38 U.S.C. § 4303(2) to expressly provide that an employer may not discriminate against an employee on the basis of his military service with regard to "the terms, conditions, or privileges of employment," thus allowing an appellant to allege a hostile work environment claim pursuant to USERRA. *See* Act of November 21, 2011, Pub. L. No. 112-56, § 251, 125 Stat. 711 (2011); *Bennett v. Dallas Independent School District*, 936 F. Supp. 2d 767, 789 (N.D. Tex. 2013) (explaining that Congress amended 38 U.S.C. § 4303(2) to include "the terms, conditions, or privileges of employment," thereby overruling the reasoning in *Carder* that USERRA did not allow an employee to assert a hostile work environment claim). In light of the amendment to 38 U.S.C. § 4303(2), we reaffirm that an appellant may assert a hostile work environment claim under 38 U.S.C. § 4311(a), provided he otherwise can establish the Board's jurisdiction over his USERRA appeal. *See Erlendson*, 121 M.S.P.R. 441, ¶ 7 (explaining that the assertion of a hostile work environment claim under USERRA is not a basis for Board jurisdiction, but rather is a matter that the Board may adjudicate in a USERRA appeal in which it has jurisdiction).

¶16    In his initial decision, the administrative judge found that the appellant failed to nonfrivolously allege the existence of a hostile work environment based upon two alleged incidents of agency misconduct: the agency's placement of the Blackberry in his personal vehicle; and the agency's follow-up investigation

based upon his complaint. ID at 13-14. Relying on both the infrequent nature of the incidents and the lack of conduct that was humiliating or threatening, the administrative judge found that the appellant failed to nonfrivolously allege that he was subjected to a hostile work environment in violation of USERRA. ID at 14.

¶17        Although we agree with the administrative judge that the appellant failed to nonfrivolously allege that he was subjected to a hostile work environment in violation of USERRA, we modify the initial decision to reach this conclusion on a different basis. Namely, upon review of the appellant's allegations, which we assume to be true, we find that the appellant has failed to nonfrivolously allege that the agency's purportedly hostile conduct toward him was based on his military status and that he thus has failed to nonfrivolously allege that the agency subjected him to a hostile work environment on the basis of his military service in violation of USERRA. *See, e.g.*, IAF, Tab 6 at 7-8.

¶18        The Board has not articulated the elements needed to establish the Board's jurisdiction over a USERRA hostile work environment claim, and instead has limited its decisions to finding that an employee may assert such a claim under 38 U.S.C. § 4311(a) in a USERRA appeal. *See Erlendson*, 121 M.S.P.R. 441, ¶ 7. Since Congress amended the definition of "benefit of employment" in late 2011 to permit hostile work environment claims under USERRA, courts that have considered this issue have looked to the elements of a hostile work environment claim under title VII. Applying those standards, the courts have held that, to establish such a claim, an employee must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment" and prove that his workplace was both objectively and subjectively offensive, and that "any harassment took place on account of his protected status as a military service member." *Montoya v. Orange County Sheriff's Department*, 987 F. Supp. 2d 981, 1016-17 (C.D. Cal. 2013); *see Hanson v. County of Kitsap*, 21 F. Supp. 3d 1124, 1146-47 (W.D. Wash. 2014); *McDaniel v.*

*Loyola University Medical Center*, No. 13-cv-06500, 2014 WL 4269126, at \*7-9 (N.D. Ill. Aug. 28, 2014).

¶19    We agree that title VII provides a useful analogue for establishing the elements of a USERRA hostile work environment claim.[3]  Accordingly, we hold that, to establish the Board's jurisdiction over a USERRA hostile work environment claim, an appellant must nonfrivolously allege that he was subjected to a pattern of ongoing and persistent harassing behavior based on his military service that was sufficiently severe or pervasive to alter the terms and conditions of employment.  *See Petersen*, 71 M.S.P.R. at 239; *see also Montoya*, 987 F. Supp. 2d at 1017.  In considering whether an appellant has nonfrivolously alleged that he was subjected to a hostile work environment based on his military service, we apply the Board's liberal approach to determining jurisdiction in a USERRA appeal, under which the relative weakness of an appellant's allegations concerning the seriousness of the alleged acts should not serve as a basis for a jurisdictional dismissal.  *Swidecki*, 113 M.S.P.R. 168, ¶ 6.

¶20    Even broadly construing the appellant's allegations, however, we find that he has failed to nonfrivolously allege that the agency created a hostile work environment due to his service in the uniformed services.  *See Petersen*, 71 M.S.P.R. at 239.  Absent from the appellant's pleadings is any assertion that the agency allegedly placed the Blackberry in his vehicle or investigated his complaint about the Blackberry on the basis of his active duty military status.  This case is thus dissimilar from *Petersen* where, for example, the appellant

---

[3] Although we rely on the elements of a hostile work environment claim under title VII in this case, we find unpersuasive the case law cited by the appellant on review that "excessive monitoring is strong proof of a hostile work environment claim."  PFR File, Tab 1 at 12.  The cases cited by the appellant demonstrate that close supervision of an employee, coupled with other acts of hostility, can evidence a hostile work environment.  *Id*.  Here, however, the appellant has alleged only that the agency placed a Blackberry in his car, and, as explained below, he has made no allegation that this act was taken on the basis of his military status.

alleged that agency employees used derogatory terms toward him that negatively referenced his prior military service. *See id.* at 235. This appeal is also dissimilar from other cases where an employee has alleged that an employer has subjected him to a hostile work environment because of a protected characteristic, such as race or sex. *See, e.g.*, *Brennan v. Metropolitan Opera Association, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."); *Nichols v. U.S. Postal Service*, EEOC Appeal No. 0120110787, 2011 WL 1621515, at *3 (Apr. 20, 2011) (discussing that a hostile work environment charge under title VII involves "harassment in the form of unwelcome verbal or physical conduct *involving the protected class*") (emphasis added). These cases confirm that an employee generally must allege some connection between the agency's acts of hostility and his protected status to bring the challenged conduct within the scope of the relevant anti-discrimination statute at issue. *See Onacle v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* . . . because of . . . sex.'") (alterations in original). We thus similarly hold that, to establish the Board's jurisdiction over a USERRA hostile work environment claim, an appellant must nonfrivolously allege some connection between the alleged acts of hostility and the appellant's protected military status to bring the challenged conduct within the scope of USERRA's ban on military-service discrimination. *See Petersen*, 71 M.S.P.R. at 239; *see also Montoya*, 987 F. Supp. 2d at 1017.

¶21    In this case, where the appellant argues that the agency has committed certain acts, but has failed to allege that these acts were taken on the basis of his military status, we find that the appellant has failed to nonfrivolously allege that the agency altered the terms and conditions of his employment on the basis of his military service in violation of 38 U.S.C. § 4311(a). PFR File, Tab 1 at 15. Although the appellant's allegations raise the prospect that the agency took

certain actions against him in response to his exercise of appeal rights under USERRA, *see id*. at 13, which we analyze below, we find that he has failed to nonfrivolously allege that the agency created a hostile work environment based on his military service by placing a Blackberry in his car or conducting an investigation into his complaint about such conduct.

The appellant failed to nonfrivolously allege that the agency retaliated against him because of his exercise of rights under USERRA.

¶22        The appellant also argues that the agency retaliated against him in violation of 38 U.S.C. § 4311(b) for exercising his right under USERRA by placing the Blackberry in his car and conducting a follow-up investigation of his complaint. PFR File, Tab 1 at 11-13.  The administrative judge, citing *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009), found that USERRA's anti-reprisal provision is limited to barring acts of discrimination in employment and adverse employment actions, and reasoned that the appellant's allegations of agency wrongdoing, even assuming them to be true, did not fall under either category of prohibited act under section 4311(b).  ID at 8-9.  For the reasons that follow, we agree with the administrative judge and find that the appellant failed to nonfrivolously allege that the agency discriminated against him in employment or took an adverse action against him in violation of USERRA's anti-retaliation provision.

¶23        The USERRA standard for retaliation claims is set forth at 38 U.S.C. § 4311(b), which provides in relevant part that an employer "may not discriminate in employment against or take any adverse employment action against any person" because he "(1) has taken an action to enforce a protection afforded any person under this chapter . . . or (4) has exercised a right provided for in this chapter." *Brasch v. Department of Transportation*, 101 M.S.P.R. 145, ¶ 10 (2006).  USERRA, however, does not define "discriminate in employment" or "adverse employment action."  *See generally* 38 U.S.C. § 4303.

¶24    In *Crews*, the U.S. Court of Appeals for the Seventh Circuit held that USERRA's anti-retaliation provision was "more limited in scope" than title VII's ban on retaliation. *Crews*, 567 F.3d at 869. Whereas title VII's anti-retaliation clause provides that it shall be unlawful for an employer "to discriminate against" an employee or applicant because of his exercise of rights under title VII, USERRA's anti-retaliation provision is narrower, banning discrimination "in employment" or "any adverse employment action" based on, among other things, an employee's exercise of rights under USERRA. *Compare* 42 U.S.C. § 2000e-3(a), *with* 38 U.S.C. § 4311(b); *see Crews*, 567 F.3d at 869. We agree with the administrative judge that this textual difference restricts the scope of actionable conduct under USERRA's anti-retaliation provision to discrimination arising "in employment" or to adverse employment actions.[4] *Crews*, 567 F.3d at 869; ID at 8-9.

¶25    Applying this narrower standard to the appellant's allegation of reprisal involving the placement of a Blackberry in his car, we find that he has failed to nonfrivolously allege that the agency either discriminated against him in employment or took an adverse employment action against him because of his prior USERRA appeal. Similar to our findings above concerning the interpretation of the term "benefit of employment," we find that the appellant has failed to nonfrivolously allege that the placement of a Blackberry in his car constitutes an act of discrimination in employment because such an act does not deny him a benefit that inures to him by virtue of his employment with the agency. *See supra* ¶¶ 7-15; *cf. Thomsen*, 169 F.3d at 1381.

---

[4] We further find that the textual differences between title VII's anti-retaliation provision and USERRA's anti-retaliation provision counsel against applying to claims of reprisal under 38 U.S.C. § 4311(b) the Supreme Court's finding that title VII's "antiretaliation provision does not confine the actions and harms it forbids to those that are related to employment." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006).

¶26    We find, moreover, that such an act does not rise to the level of an adverse employment action, which for purposes of Federal employees generally is defined under chapter 75 of title 5 to include a removal, a suspension of more than 14 days, a reduction in pay or grade, or a furlough of 30 days or less. *See* 5 U.S.C. § 7512.  Even if we were to apply the broader definition of "adverse employment action" employed by several Federal courts of appeals, we still would find that the appellant has failed to nonfrivolously allege that the agency subjected him to an adverse employment action in violation of 38 U.S.C. § 4311(b).  *See, e.g.*, *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (including within the list of adverse employment actions "a termination . . . , a demotion . . . , a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation" in the context of a title VII claim) (internal quotation and citation omitted).

¶27    Finally, we agree with the administrative judge that the appellant's allegation that the agency conducted a retaliatory investigation into his complaint fails to nonfrivolously allege reprisal under 38 U.S.C. § 4311(b).  An investigation is neither an act of discrimination, nor an adverse action within the meaning of 38 U.S.C. § 4311(b).  *Cf.* 5 U.S.C. § 7512; *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 31 (2012) (noting that an investigation is not a personnel action per se), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 43 n.8 (2015).  Furthermore, we concur with the administrative judge that this case is distinguishable from *Rhee* to the extent the Board held that it "will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate against an employee." *Rhee*, 117 M.S.P.R. 640, ¶ 31.  Here, the allegedly retaliatory investigation did not precede the agency's purported act of reprisal at issue in this appeal, but rather was initiated after the appellant filed a complaint with the agency.  IAF,

Tab 8 at 4-5. *Rhee* is thus distinguishable from the facts of this case, and we find that the appellant has failed to nonfrivolously allege that the agency commenced a retaliatory investigation in violation of 38 U.S.C. § 4311(b) upon receiving his complaint.

¶28 Based on the foregoing, we find that the appellant has failed to nonfrivolously allege that the agency either discriminated against him on the basis of his military service or retaliated against him because of his exercise of appeal rights under USERRA. The appellant's petition for review is therefore denied, and the administrative judge's dismissal of the initial appeal for lack of jurisdiction is affirmed as modified.

## ORDER

¶29 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.