**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAREN K. MARGOLIN,<br>        Appellant, | DOCKET NUMBER<br>SF-4324-22-0298-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: March 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert P. Erbe, Esquire, Tucson, Arizona, for the appellant.

Patrick D. Gregory, Sr., Esquire, Falls Church, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied him corrective action in his Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal. On petition for review, the appellant argues primarily that the administrative judge erred in finding that the agency did not have a policy or practice of setting pay for Immigration Judges with military service based on their military ranks and years of service.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant was not denied a benefit of employment under 38 U.S.C. § 4311(a), we AFFIRM the initial decision.

Generally, an employee making a USERRA claim under 38 U.S.C. § 4311 must show that (1) he was denied a benefit of employment, and (2) his military service was a substantial or motivating factor in the denial of such a benefit. *Adams v. Department of Homeland Security*, 3 F.4th 1375, 1377 (Fed. Cir. 2021), *cert. denied*, 142 S.Ct. 2835 (2022). In relevant part, a "benefit of employment" for USERRA purposes "means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of . . . an employer policy, plan, or practice . . . ." 38 U.S.C. § 4303(2). In other words, a benefit of employment under 38 U.S.C. § 4311 is one that flows as a result of the person's employment. *Thomsen v. Department of the Treasury*, 169 F.3d 1378, 1381 (Fed. Cir. 1999). As provided in the statute, the benefit of employment must be the result of an employer's policy, plan, or practice. 38 U.S.C. § 4303(2).

The administrative judge stated that it was undisputed that the agency denied the appellant a benefit of employment by appointing him at pay rate IJ-1 rather than at rate IJ-3.  Initial Appeal File (IAF), Tab 21, Initial Decision (ID) at 5.  We find that this statement constituted a semantic error because the administrative judge commenced to find that the purported policy, which the appellant claimed entitled him to the IJ-3 rate—referred to as the "matrix of considerations"—did not in fact constitute agency policy.  ID at 5 n.3, 9-11.  We thus interpret the administrative judge's statement to merely assert that the appellant was denied a benefit to which he claimed entitlement, not that the claimed benefit was one to which he was actually entitled.  Because the appellant was not denied a benefit of employment that flowed as a result of his employment with the agency, the agency did not violate USERRA, and the administrative judge properly denied the appellant corrective action.  *See Adams*, 3 F.4th at 1377-81 (denying a petitioner's USERRA claim because he was not entitled to differential pay as a benefit of employment under the applicable statute).[2]

---

[2] At the hearing, the appellant made a hearsay objection to the testimony of the Human Resources Officer, who only began working for the agency in 2021 and testified, in part, based on information he obtained from his staff.  IAF, Tab 18, Hearing Recording (HR) (testimony of the Human Resources Officer).  The administrative judge overruled the objection, explaining that hearsay was allowed in Board proceedings and that other witness testimony and evidence—including the memorandum of the Chief Immigration Judge (CIJ) which referenced the matrix of considerations—was also based on hearsay. *Id.*  On review, the appellant claims that the administrative judge failed to apply the factors listed in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), to weigh the probative value of the Human Resources Officer's testimony in finding that the matrix of considerations did not represent agency policy.  Petition for Review File, Tab 3 at 23-24.  He argues that the administrative judge should not have relied on the Human Resources Officer's testimony nor that of the Director, whom the appellant claims also did not testify based on personal knowledge. *Id.*  We find the appellant's claim to be misplaced for at least two reasons.  First, in his prehearing submission, he noted that he intended to call both the Human Resources Officer and the Director as witnesses, and proffered that they would testify on the exact subjects—the agency's pay policy and any past practices of setting pay based on military service—to which he objects on review.  IAF, Tab 12 at 21.  The appellant thus essentially faults the administrative judge for relying on the testimony of witnesses he requested.  Second, applying the *Borninkhof* factors, we find that the probative value of the hearsay evidence the Human Resources Officer and Director relied upon in their testimony was

**NOTICE OF APPEAL RIGHTS**[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

high, and that the administrative judge gave due credit to their testimony. The issue here is that both the Human Resources Officer and Director testified that the matrix of considerations did not represent agency policy based, at least in part, on information provided by other agency employees who did not testify at the hearing. HR (testimony of the Human Resources Officer, testimony of the Director). Although some of the *Borninkhof* factors weigh in favor of the opposite conclusion, we find that the dispositive factors here are factors (5) through (7)—i.e., the consistency of declarants' accounts with other information in the case, internal consistency, and their consistency with each other, whether corroboration for statements can otherwise be found in the record, and the absence of contradictory evidence, *Borninkhof,* 5 M.S.P.R. at 87—and that the probative value of any hearsay relied upon by the Human Resources Officer and Director in testifying that the matrix of considerations did not represent agency policy was strong. The Human Resources Officer provided non-hearsay testimony, corroborated by the Director and even the CIJ, who otherwise testified in support of the appellant's claim, that the human resources department had authority to set pay for Immigration Judges while the CIJ did not. HR (testimony of the Human Resources Officer, testimony of the Director, testimony of the CIJ). Further, as the administrative judge correctly found, it was implausible that, if the matrix of considerations represented agency policy, such a policy would be unknown to the Human Resources Officer or the Director or that it would not be reduced to a formal policy document. ID at 9. On the other hand, the testimony in favor of the appellant's claim that the matrix represented agency policy was ambiguous, and the Principal Deputy CIJ's 2018 email—the only place where the witnesses who supported the appellant's claim ever saw the matrix documented—did not purport to denote official policy. IAF, Tab 14 at 31; HR (testimony of the CIJ, testimony of the Western Region Deputy CIJ). Considering all the record evidence, we agree with the administrative judge's conclusion that the matrix of considerations did not represent agency policy, even if the conclusion was based in part on hearsay.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.